## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JEROME MURRAY,                          :
                                        :
                    Plaintiff           :
                                        :
          v.                            :        C.A. No. 12-38-LPS
                                        :
DIVERSIFIED COLLECTION                  :
     SERVICES ("DCS"),                  :
                                        :
                    Defendant.          :
                                        :

## MEMORANDUM OPINION

Defendant, Diversified Collection Services Inc. ("DCS"), moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (D.I. 11) Pro se Plaintiff, Jerome Murray ("Plaintiff" or "Murray"), has not responded to DCS's motion, which has been pending since July 15, 2013. For the reasons stated below, the Court will grant DCS's motion.

### BACKGROUND

Murray is a Delaware resident who executed a promissory note for a guaranteed student loan to attend Lincoln Technical Institute. (D.I. 12 at 4 & Ex. A) On or before April 2009, Murray defaulted on certain student loan payments owed to the U.S. Department of Education, which forwarded the defaulted loan to DCS on April 26, 2009. (D.I. 12 at 4 & Ex. B) DCS is a California-based corporation and is a "collection agency." (D.I. 2 at 3)

Murray alleges that DCS initiated a "hard pull" of his credit report from the Equifax reporting agency on February 28, 2009. (D.I. 2 at ¶8) He further contends that the "illegal actions" of DCS have harmed him, resulting in a reduction of his credit score, mental anguish,

1

humiliation, loss of reputation, and expenditures for attorney's fees and costs. (D.I. 2 at 2)

On April 24, 2011, Murray's account was again assigned to DCS. (D.I. 12 Ex. C) On April 25, 2011, DCS requested Murray's credit report. (D.I. 12 at 4 & Ex. C)

Murray filed his complaint on January 17, 2012. (D.I. 2) He seeks to recover damages for DCS's alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; Maryland Consumer Protection laws; and Delaware Consumer Protection laws, *see* 6 Del. C. § 2532.

## LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.,* 475 U.S. 574, 586 n.10 (1986). An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita,* 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving

2

party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586; *see also Podohnik v. US Postal Service,* 409 F.3d 584, 594 (3d Cir. 2005) (stating that party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" and a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a scintilla of evidence" in support of the non-moving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the non-moving party. *Anderson,* 477 U.S. at 252.

## DISCUSSION

Murray has failed to show a genuine issue of material fact as to whether DCS violated any of the statutes pursuant to which he brings his claims. His complaint contains only

3

conclusory statements and, in any event, is not evidence.  By contrast, DCS has come forward

with evidence – none of which Murray has challenged.

      With respect to Murray's claims that DCS violated the Fair Credit Reporting Act, the

undisputed record indicates that DCS was not assigned Murray's account until April 2, 2009,

meaning that no reasonable factfinder could conclude that DCS engaged in the alleged "hard

pull" of Murray's account on February 28, 2009.  With respect to Murray's claims that DCS

violated the Federal Debt Collections Practices Act, there is no evidence in the record to

support any finding that DCS "misrepresent[ed] the character, amount, or legal status of the

alleged debt" or "threaten[ed] to take action that cannot legally be taken or is not intended to be

taken."  Based on the record, a reasonable factfinder could only find that DCS had a "proper

purpose" for checking Murray's credit, i.e., collecting a debt.  *See generally* 15 U.S.C.

§ 1681b(a)(3)(A) ("[A]ny consumer reporting agency may furnish a consumer report . . . [t]o a

person which it has reason to believe . . . intends to use the information in connection with . . .

review or collection of an account of, the consumer . . .").

      Similarly, there is a complete lack of evidence to support Murray's claims that DCS

violated Maryland and Delaware consumer protection laws.  Among other things, the

undisputed record shows that, contrary to Murray's allegations (*see* D.I. 2 at 4), DCS is a

licensed collection agency in Maryland (D.I. 12 Ex. E) and Delaware (D.I. 12 Ex. F).

## CONCLUSION

      Accordingly, for the foregoing reasons, DCS's motion for summary judgment (D.I. 11)

will be granted.  An appropriate Order has been entered.

April 1, 2014
Wilmington, Delaware

UNITED STATES DISTRICT COURT

4